```
               IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

MARIA SCHNEIDER,                           Civ. No. 03-6026-HO

            Plaintiff,                     ORDER

     v.

THE CITY OF REDMOND, et al.,

            Defendants.
```

     Defendants filed a motion to dismiss the complaint for plaintiff's failure to appear at her deposition after being served with a proper notice.  In the alternative, defendants seek attorney's fees and expenses caused by plaintiff's failure to appear.  Plaintiff argued in a memorandum that she was emotionally and physically unable to attend the deposition due to stress and illness.  The court ordered plaintiff to show cause in the form of an affidavit why this court should not award the sanctions requested by defendant.  Plaintiff submitted the affidavit of counsel.  The court ordered plaintiff to submit her

own affidavit, and to advise the court regarding the reason she did not attend her deposition, her ability to pay the alternative monetary sanction requested by defendant, and her ability to assist her attorney in the litigation, including her ability to participate in her own deposition in Eugene.  Plaintiff filed her own affidavit stating that she was unable to attend her deposition due to mental and physical exhaustion, she is under the care of a psychiatrist, talking about her case at times causes her to cry and to lose the ability to talk, function or drive, she receives approximately $315 per month from Social Security and $150 per month from another source, she is destitute and cannot afford to pay monetary sanctions, and she is or is about to become homeless.

   Plaintiff does not expressly address her ability to assist her attorney going forward, including her ability to attend her own deposition in Eugene.  Plaintiff's affidavit suggests that she may be unable to continue the litigation.

   Plaintiff appears to lack the financial resources to pay the alternative sanction requested by defendants.  The court declines to award sanctions at this time.  Plaintiff's deposition shall be taken in Eugene, unless plaintiff advises that she cannot participate in her deposition or otherwise continue the litigation.  In that case, or if plaintiff fails to attend her scheduled deposition in Eugene, the court will dismiss this

2 - ORDER

action for failure to prosecute.

## Conclusion

Defendants' motion to dismiss [#87] (also filed as [#35] in civil number 04-6353) is denied. Within ten days of the date of this order, counsel for plaintiff shall confer with counsel for defendants and schedule plaintiff's deposition in Eugene at an agreeable time and date, unless plaintiff is unable to travel to Eugene and complete her deposition. If plaintiff is unable to complete her deposition in Eugene, and/or to further assist counsel in the litigation, counsel for plaintiff shall so advise the court by affidavit of counsel, and this action will be dismissed. If plaintiff fails to attend her scheduled deposition in Eugene, this action will be dismissed.

IT IS SO ORDERED.

DATED this  1st  day of November, 2006.

                                                s/ Michael R. Hogan  
                                              United States District Judge