IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIA SCHNEIDER and ALLEN          Civ. No. 03-6026-HO
BROOKSHIRE                          Lead Case

         Plaintiff,          Consolidated cases

    v.                              <u>O R D E R</u>

THE CITY OF REDMOND, et al.,

         Defendants.

Plaintiff filed this action on January 31, 2003, alleging deprivation of her civil rights. Plaintiff filed another case involving many of the same defendants on October 12, 2004. These cases have been consolidated. There are several dispositive motions and procedural issues pending before the court.

Plaintiff and/or her counsel have apparently neglected this case and the court has issued several show cause orders and other reminders regarding deadlines and required responses. <u>See, e.g.,</u> Docket Entries 43, 47, 71, 74, 88, 105. In addition, the deputy

clerk has called plaintiff's counsel on several occasions to remind
counsel of various deadlines and to ask if counsel will respond to
various motions.  The court has also previously dismissed this case
for failure to prosecute and failure to follow a court order,  <u>See</u>
Docket Entries #75 and 76, only to revive the case to give
plaintiff another chance to prosecute.  The court has on its own
motions extended deadlines and initiated conferences regarding the
neglected schedule in this case.

Plaintiff's counsel has sought to withdraw from this case and
failed to appear for a hearing regarding that motion.  <u>See</u> Docket
Entry #66.  Counsel then orally informed the court that he may be
withdrawing the motion and that he would file a motion to withdraw
his motion to withdraw as counsel.  However, counsel did not
actually file the motion to withdraw and the court denied the
motion based on oral representations only.

Certain defendants moved to dismiss because plaintiff failed
to appear for her deposition.  The court ordered plaintiff to show
cause why the motion should not be granted.  Plaintiff's response
to the order to show cause raised further concerns that she would
not be able to continue this litigation, but the court declined to
dismiss the case at that time.

Defendants Mark and Raymond Lackey then filed a substantive
motion to dismiss (#96) and the deputy clerk again had to remind
counsel to respond.  Counsel did not respond until more than a

month had passed and then only to request additional time to respond and plaintiff finally responded almost two months after the motion had been filed.


A.   Extension of Time to File Pretrial Order (#106)

On January 9, 2007, the court ordered plaintiff to show cause, by January 22, 2007, why the case should be not dismissed for failure to lodge the pretrial order.  See Docket Entry #105.  On January 22, 2007, at 6:29 pm, plaintiff's counsel filed a short response indicating that defense counsel had not had a sufficient opportunity to review and amend the proposed pretrial order. Plaintiff's counsel neglected to mention that he had not provided a draft to defense counsel until 5:29 pm on the evening of January 22, 2007, and that was the reason defense counsel had not had an opportunity review the proposed pretrial order.  In addition, plaintiff did not confer with defendants prior to filing the motion seeking an extension of time.

On February 5, 2007, plaintiff provided more information as to the reason for failing to timely lodge the proposed pretrial order. Counsel's reply only adds to this court's concern that plaintiff and plaintiff's counsel are not able to prosecute this case in a timely manner.  Indeed, as of March 22, 2007, plaintiff has not yet responded or sought an extension of time to respond to motions for summary judgment filed on February 1, 2007, and February 21, 2007.

The court has been overindulgent of plaintiff's failures to prosecute and follow court orders. Nonetheless, plaintiff's motion to extend time to file the pretrial order is granted. Plaintiff shall file the pretrial order within fourteen days of the date of this order. However, the court declines to permit plaintiff additional time to respond to the summary judgment motions assuming plaintiff would seek such an extension if reminded to do so.

B.    Defendants Mark and Raymond Lackey's Motion to Dismiss (#96)

Plaintiff alleges a conspiracy to violate her civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants Mark and Raymond Lackey are non-government citizens acting in their own interests and not under color of law. Complaint (#1) at ¶¶ 11, 14. Specifically, plaintiff alleges that the Lackeys are firearms dealers who have a relationship or acquaintance with the Redmond Police Department and hired plaintiff to care for their elderly uncle, William Lackey. Complaint at ¶ 15. Plaintiff alleges that Mark Lackey told a bank teller that plaintiff was trying to scam his uncle and had kidnaped his uncle. Plaintiff further alleges that Mark Lackey called the police and falsely reported the same information. Complaint at ¶ 17.

Plaintiff, in essence, claims that due to Mark Lackey's report, the law enforcement defendants were dispatched to a course of action that resulted in the deprivations of plaintiff's rights.

See, e.g., ¶ 18[1].  Plaintiff alleges that defendants Raymond and Mark Lackey "continued their conspiratorial conduct in promoting the criminal charges against Maria Schneider and both signed a 4-page request in the State criminal court case reiterating their false claims."  Complaint at ¶ 32.  In asserting the conspiracy claim, plaintiff alleges all defendants acted with a common interest to punish plaintiff and reached a mutual understanding and acted to undertake a course of conduct that violated plaintiff's rights.  Complaint at ¶ 35.

Defendants Lackeys move to dismiss the claim against them contending plaintiff has not alleged sufficient facts to establish a conspiracy.

While the standards used to evaluate a motion to dismiss require liberal interpretation of the complaint, vague and conclusory allegations of participation in civil rights violations are not sufficient to withstand a motion to dismiss.  Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Although conspiracies are secretive operations that a plaintiff may have to prove by circumstantial evidence, conclusory allegations of conspiracy are insufficient to state a claim under section 1983.  Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).

---

[1]The complaint contains two paragraphs numbered 18 and the court refers to the first paragraph 18.

5 - O R D E R

Private persons may act under color of state law if they "willfully participate in joint action with state officials to deprive others of constitutional rights." United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989). To be liable, however, the private person must share the common objective of the conspiracy. Id. at 1541. While, plaintiff has alleged, in conclusory fashion, that the Lackey's acted with a common interest to punish plaintiff, "[i]t is uniformly recognized ... that a private party does not conspire or jointly act with a state actor simply by complaining to the police." D'Agostino v. N.Y. State Liquor Auth., 913 F.Supp. 757, 770 (S.D.N.Y.1996) (citations omitted). Furthermore, "providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under section 1983." Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1352 (7th Cir. 1985)).

The operative complaint does nothing more than allege the Lackeys provided false information to state actors to support the conclusion that they acted in concert with the other governmental defendants. Accordingly, plaintiff's complaint fails to state a conspiracy claim against the Lackeys and the claim against them is dismissed without prejudice.

C.    Summary Judgment Motions (#s 114 and 124)

Plaintiff alleges that defendant Deanne Lockridge, an adult protective services caseworker, violated plaintiff's rights by searching, ostensibly, for medications for William Lackey on the day plaintiff was arrested.  Defendant Lockridge moves for summary judgment contending that her actions do not implicate the Fourth Amendment as a non-law enforcement government actor.

> The intent test formulated in <u>Walther</u> and used to determine whether a private party is subject to the fourth amendment is equally applicable in the context of deciding whether non-law enforcement government employees are subject to the fourth amendment. Such a test is implied by the case law, which requires us to ascertain the motives underlying governmental conduct that is purportedly subject to the fourth amendment, particularly outside the traditional area of law enforcement. Moreover, such a test is required in order to determine whether the challenged governmental conduct is actually a "search" or "seizure." We thus conclude that for the conduct of a governmental party to be subject to the fourth amendment, the governmental party engaging in that conduct must have acted with the intent to assist the government in its investigatory or administrative purposes and not for an independent purpose.

<u>U.S. v. Attson</u>, 900 F.2d 1427, 1433 (9th Cir. 1990).

Defendant provides record support to show that she acted with the independent motivation of medical necessity in the search for William Lackey's medication and plaintiff has not sought to provide contrary evidence.  Defendant also provides record support that law enforcement agents did not direct, assist, or encourage her as she looked for medications.  Accordingly, there are no issues of fact with respect to whether defendant Lockridge violated plaintiff's

Fourth Amendment rights.  Moreover, defendants arguments regarding qualified immunity are well-taken.  Therefore, defendant Lockridge's motion for summary judgment (#114) is granted.

Defendants the City of Redmond, Lane Roberts, Dextor Dickson, Bruce Ludwig, Scott Koertje, Corrine Pray, and Jonny Dickson move for summary judgment asserting that:

(1)   the City of Redmond is not a proper plaintiff for the acts of its employees under section 1983 because plaintiff has not alleged a custom or policy on behalf of the City that caused any constitutional violations;

(2)   defendants are entitled to qualified immunity on the false arrest, false imprisonment and unlawful search and seizure claims because a state court determined probable cause existed, plaintiff pleaded guilty  to resisting arrest and was found guilty of criminal mistreatment, the search was incident to a lawful arrest, plaintiff lacks standing to object to a search of another's house, consent to search was obtained, the plain view exception applies, and the emergency aid doctrine applies;

(3)   defendants are entitled summary judgment on the claim of providing false information in a search warrant because the warrant affidavit provided all the information plaintiff alleges was omitted or not honestly presented, plaintiff did not challenge the veracity of the warrant

8 - O R D E R

during the motion to suppress hearing, and defendants are
entitled to qualified immunity;

(4)    defendant Lane Roberts is entitled to summary judgment
based on supervisor liability because the people he
supervised did not violate plaintiff's constitutional
rights and he is entitled to qualified immunity; and

(5)    the City of Redmond is entitled to summary judgment on
the failure to train claim because the training program
was adequate and does not amount to deliberate
indifference to plaintiff's rights, and the individual
defendants are not liable.

Plaintiff has not presented any evidence demonstrating a
triable issue of fact on her claims in response to the motion for
summary judgment.  Accordingly, the motion is granted.


<u>CONCLUSION</u>

For the reasons stated above, plaintiff's motion to extend
time to file the pretrial order (#106) is granted and plaintiff
shall file the pretrial order with 14 days.  Failure to file the
pretrial order as directed will result in the dismissal of this
action with prejudice.  In addition, defendants Lackeys' motion to
dismiss (#96) is granted and the claim against the Lackeys is
dismissed without prejudice. Finally, defendants Lockridge (#114),
Pray, Johnny Dickson, Dextor Dickson, City of Redmond, Roberts,

9 - O R D E R

Ludwig, and Koertje's (#124) motions for summary judgment are granted.

DATED this __23rd__ day of March, 2007.

___s/ Michael R. Hogan____
United States District Judge
