IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARIA SCHNEIDER and ALLEN BROOKSHIRE | Civ. No. 03-6026-HO<br>Lead Case |
| Plaintiffs, | Consolidated cases |
| v. | O R D E R |
| THE CITY OF REDMOND, et al., | |
| Defendants. | |

    Plaintiff filed this action on January 31, 2003, alleging deprivation of her civil rights. Plaintiff filed another case involving many of the same defendants on October 12, 2004. These cases have been consolidated.

    The court previously granted defendants Mark and Raymond Lackey's motion to dismiss. The Lackeys now move for an entry of judgment pursuant to Fed. R. civ. P. 54(b) (#136). Plaintiff has not opposed the motion and the motion is granted.

    Defendants Deschutes County, Steven Stringham, and Les Stiles

moved for summary judgment as to all claims against them (#144) on May 29, 2007.  Plaintiff has not responded to the motion.  On July 18, 2007, the court received a facsimile from plaintiff's counsel (#173) regarding the motion.  Plaintiff's counsel only offers a "status update ... to let the court know [he has] not been ignoring the motion for summary judgment, nor the associated deadline."  Plaintiff's counsel offers no opposition to the motion and indicates the case may be resolved against the moving defendants, but also indicates that there has been a lack of communication with plaintiff regarding the motion. Counsel further indicates that the case does "not merit being continued."  Given that plaintiff has not responded to the motion for summary judgment and that the court has repeatedly warned plaintiff and counsel about the failure to prosecute this case, the court construes the motion as unopposed and the motion for summary judgment is granted.

    Defendants City of Redmond, Corrine Pray, and Lane Roberts move for summary judgment (#137).  The motion is confusing in that the court has previously granted a motion for summary judgment filed by defendants City of Redmond, Lane Roberts, Dextor Dickson, Bruce Ludwig, Scott Koertje, Corrine Pray, and Jonny Dickson. See #114 and #131).  Defendants apparently address issues raised in the consolidated case with this motion.

    Assuming any claims remain against the moving defendants, the only claim alleged in the proposed pretrial order submitted by

2 - O R D E R

plaintiff against these defendants is based on a claim of lack of probable cause to arrest and imprison plaintiff. Accordingly, plaintiff asserts her rights "to be free from unlawful seizure, wrongful deprivation of liberty and freedom from summary judgment under the [Fourth] Amendment" were violated.

To the extent there is still an issue whether probable cause existed to arrest and detain plaintiff for theft, the court finds that the record in this case demonstrates probable cause did exist under a totality of the circumstances. Moreover, there is no dispute that a grand jury indicted plaintiff for theft on May 1, 2003. "[I]t has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002) (citing Ex parte United States, 287 U.S. 241, 250 (1932)). The indictment precludes a constitutional claim premised on a lack of probable cause. See id. (Therefore, because plaintiff was indicted pursuant to a determination made by the grand jury, he has no basis for his constitutional claim.). The evidence known to the arresting officers at the time of the arrest also supports probable cause. In addition, plaintiff's claims of "fabricated" evidence offers nothing more than speculation.

Plaintiff also moves to strike portions of the affidavit of

3 - ORDER

Corrine Pray, the arresting officer. Plaintiff seeks to strike certain statements as inadmissable opinion, legal conclusions, and hearsay. In addition, plaintiff seeks to strike certain exhibits as collateral, prejudicial, and hearsay. To the extent the affidavit contains legal conclusions regarding the ultimate issues in this case, the court has not considered it in determining whether probable cause existed. The court notes that, however, Pray may rely on her experience as a police officer to conclude that probable cause existed to arrest plaintiff and police officers may rely on evidence that may not necessarily be admissible at trial in determining probable cause as well. The evidence in this case established that Pray had sufficient reason to believe a theft had occurred because she reasonably relied on information indicating that: (1) plaintiff tried to withdraw all of the money from the account of an elderly man she cared for; (2) the man changed his will to name plaintiff as the personal representative and to leave all his possession to her; (3) plaintiff had previously written fraudulent checks; (4) state social workers expressed concerns of financial exploitation of the alleged victim of the theft; (5) the victim lent $3,000 to plaintiff and was adamant that he had not been repaid; (6) Plaintiff indicated in correspondence that repayment had occurred and that she was not going to pay "twice." Pray certainly may testify, based on her experience, that the evidence provided her with probable cause to

believe a theft had occurred.  The court finds, under a totality of the circumstances, probable cause did exist and that such is supported primarily by exhibit 107 to Pray's affidavit.  Plaintiff has not moved to strike exhibit 107.  The motion to strike is denied as moot.

The court requests the parties to provide the court with a pleading indicating whether any claims or defendants remain in this consolidated action.

## CONCLUSION

For the reasons stated above, defendants Lackeys' motion to enter judgment (#136) is granted and the clerk is directed to enter judgment in favor of defendants Mark and Raymond Lackey. Defendants Deschutes County, Steven Stringham and Les Stiles' motion for summary judgment (#144) is granted. Defendants City of Redmond, Lane Roberts, and Corrine Pray's motion for summary judgment (#137) is granted and plaintiff's motion to strike (#154) is denied.

DATED this __23rd__ day of July, 2007.

                                                             s/ Michael R. Hogan
                                            United States District Judge